**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Mark Ambrose,<br><br>                Plaintiff,<br><br>v.<br><br>Jesus Guadaramma *et al.*,<br><br>                Defendants. | Civil No. 3:24-cv-00926-VAB<br><br><br><br>May 31, 2024 |

**RULING AND ORDER ON**
**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Typically, it costs $405 in fees to initiate a civil proceeding in federal court. However, a federal statute provides that those fees can be waived if the litigant provides, among other things, an affidavit that shows he is unable to afford them. The issue presented in this case is whether or not the plaintiff, Mr. Mark Ambrose, qualifies to have those fees waived or delayed and subsequently proceed with his case *in forma pauperis*.

In order to advance a suit *in forma pauperis*, there are both procedural and substantive criteria that must be met by the applying party. To satisfy the procedural criteria, the applicant must provide an affidavit that evidences his inability to pay for the fees. The corresponding statute states that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When the applicant is a prisoner, he must also submit a "certified copy of the trust fund account statement" from an appropriate official at the

institution that covers the immediate 6-months preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

As far as the substantial requirements are concerned, the applicant must make a showing that he is unable to simultaneously pay the fees and provide himself and his dependents with the necessities of life. The Second Circuit has held that "an *in forma pauperis* motion meets Section 1915(a)'s standard when it demonstrates that the applicant cannot 'pay or give security for the costs and still be able to provide himself and dependents with the necessities of life.'" Rosa v. Doe, 86 F.4th 1001, 1008 (2d Cir. 2023) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). The applicant need not be rendered "absolutely destitute" by the fees, rather if the applicant is sufficiently impoverished then *in forma pauperis* status should be granted. See Adkins, 335 U.S. at 339; Potnick v. E. State Hosp., 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) (holding a plaintiff qualified for *in forma pauperis* status despite multiple sources of income due to him being below the poverty line). Although the applicant does not need to show their last dollar will be spent on filing the suit, the fees must constitute a "serious hardship." See Fiebelkorn v. U.S., 77 Fed. Cl. 59, 62 (2007).

In this case, the plaintiff has satisfied the procedural requirements provided by the statute. (ECF No. 2, at 1). He has provided and signed the required affidavit while leaving nothing blank. Id. at 1–3. Since he is currently a prisoner, Mr. Ambrose has also provided a certified trust fund account statement signed by a prison official. (ECF No. 2, at 4–5); (ECF No. 3, at 1). The trust fund account statement covers the required period of time and gives an accurate representation of his account. (ECF No. 3, at 1).

As for the substantive requirements of the statute, Mr. Ambrose has shown that he would either need to choose between filing his suit or forfeit being able to support himself for life's necessities.  According to his trust fund statement, Mr. Ambrose only has $128.93 in his account and his financial activity shows that his account has only reached above $400 for one 24-hour period.  Id..  Mr. Ambrose has also indicated that he has no other sources of income as well as no valuable property in order to acquire the funds needed for the filing fee. Id. at 2–3.  Thus, Mr. Ambrose's documents show he would be rendered "absolutely destitute" if he was made to pay the $405 in initial fees at once.  Adkins, 335 U.S. at 339.  The current account balance is well below the amount of the initial fees and Mr. Ambrose has sworn under penalty of perjury that there is no way he would be able to acquire more funds. (ECF No. 2, at 1).

For these reasons, Mr. Ambrose is granted leave to proceed *in forma pauperis*.  Mr. Ambrose does not have the financial resources to cover initial fees without having to choose between supporting himself or not pursuing the matter.  Since his materials have been adequately submitted, the motion is granted.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge